IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIE WALKER,

    Plaintiff,

  v.

WALNUT CREEK POLICE DEPARTMENT,

    Defendant.

No. C 15-03394 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this civil rights action, a *pro se* plaintiff alleges that police officers conducted two illegal raids of her residence. Defendant moves to dismiss under Rule 12, or in the alternative, moves for a more definite statement. To the extent stated herein, defendant's motion to dismiss is **GRANTED**.

## STATEMENT

*Pro se* plaintiff Marie Walker's two-page, handwritten complaint alleges that during April 2014, defendant Walnut Creek Police Department conducted two illegal raids of her residence, located at 100 Kinross Drive in Walnut Creek, California. She asserts that during both raids, she had been conducting Mormon Bible study sessions at her home when police entered with "dogs, [a] battering-ram, guns, [and] nine police officers" and were looking for someone named Chris Escovar, who did not live there (Compl. 1). Police did not have a warrant for either raid. Plaintiff contends that defendant's actions violated the Fourteenth Amendment.

Now, defendant moves to dismiss for failure to state a claim, or in the alternative, for a more definite statement. In response to defendant's motion, plaintiff submitted multiple oppositions. Two of them were labeled "more definite statements" and another was labeled a "motion for non-dismissal." In addition, a document was submitted by Walter Redmond, who claimed he represented plaintiff despite admitting that he was not and is not a lawyer. Redmond's submission attacked the integrity of defense counsel, veered into a diatribe about "evil R.J. Reynolds Tobacco Co. type attorneys," discussed Redmond's experience as an altar boy, and stated, in reference to plaintiff, "please help see her through these times of her war with 'evil' — the gates of hell, shall not prevail, the Bible says!" (Dkt. No. 22). Oddly, all of plaintiff's filings were addressed to "Honorable Judge Sabrina Ahia," who, according to LinkedIn, is a legal assistant at defense counsel's law firm.

This order follows briefing and oral argument.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Rule 12(e), a defendant is entitled to a more definite statement if a pleading "is so vague and ambiguous that the party cannot reasonably prepare a response." It is well established that *pro se* pleadings are held "to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Our court of appeals has held that there are three viable theories for municipal liability based on constitutional violations under 42 U.S.C. 1983.

> First, a local government may be held liable when implementation of its official policies or established customs inflicts the constitutional injury. . . . Second, under certain circumstances, a local government may be held liable under [Section] 1983 for acts of "omission," when such omissions amount to the local government's own official policy. . . . Third, a local government may be held liable under [Section] 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it.

*Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010) (internal citations omitted).

2

Here, plaintiff's *pro se* complaint is deficient for several reasons. Primarily, plaintiff sued only the Walnut Creek Police Department. She has neither named any individual officers nor properly alleged that the constitutional injury she suffered was part of an established custom or official policy.

At oral argument, plaintiff could not state the year in which the raids actually occurred and also affirmed that the officers really did not do anything harmful or unprofessional during the raids. At the hearing, it developed that Walter Redmond, mentioned above, had prepared all the pleadings in the case and was really the one behind this lawsuit. Redmond is not an attorney, does not represent plaintiff, and appears to be practicing law without a license. Defense counsel have no duty to speak with him about this case and if plaintiff wishes to go forward, she must prosecute the case herself.

Plaintiff's complaint describes a terrifying experience in which several police officers stormed into her residence on a raid while she was in the middle of leading Bible study. No doubt, this was traumatic. The complaint, however, is deficient for the reasons described above and at oral argument, plaintiff appeared uncertain as to whether she wanted to continue with the lawsuit. At the hearing, the Clerk gave plaintiff a handout with information about the legal help center and plaintiff is advised that helpful information is available online at http://cand.uscourts.gov/proselitigants. An appointment at the legal help center can be made by calling 415-782-9000, extension 8657.

## CONCLUSION

To the extent stated above, defendant's motion to dismiss is **GRANTED**.

Plaintiff will have until **OCTOBER 29, 2015, AT NOON**, to file a motion, noticed on the normal 35-day calender, for leave to amend her claims. A proposed amended complaint must be appended to this motion. Plaintiff must plead her best case. The motion should clearly explain how the amended complaint cures the deficiencies identified herein and at the hearing, and should include as an exhibit a redlined or highlighted version identifying all changes. If such a motion is not filed by the deadline, the case will be closed.

3

In addition, as ordered during the hearing, defense counsel shall investigate and discuss with the parole and probation departments whether they raided plaintiff's residence in search of someone named Chris Escovar in 2013 or 2014. Defense counsel must report back to the Court and to plaintiff by **OCTOBER 9, 2015.**

**IT IS SO ORDERED.**

Dated: October 1, 2015.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4